# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| **CURTIS E. CRAWFORD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:06-0541 |
| ) | |
| **UNITED STATES PAROLE** ) | |
| **COMMISSION,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 4, pp. 5 - 6.) and Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Id., pp. 7 - 12.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL BACKGROUND

On June 5, 2006, Petitioner filed the instant Motion with the United States District Court for the District of Columbia.[2] (Document No. 4, p. 2.) Subsequently, the District of Columbia found that it lacked jurisdiction and transferred the case to the Southern District of West Virginia. (Id., p. 4.) Petitioner contends that his parole was improperly revoked because the District Court failed to conducted a probable cause hearing. (Id., pp. 7-12.) Specifically, Petitioner states as follows:

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that Plaintiff has been a frequent litigator in this Court having initiated 11 other actions in this District since September, 2005.

> Petitioner Curtis E. Crawford was arrested on February 4, 1999, for an assault charge that was later expunged. Petitioner's parole was revoked to cover up the fact that Petitioner Crawford was held on a federal parole warrant and not given a probable cause hearing in accordance with 28 C.F.R. §§ 2.70 et seq. and 2.80 et seq. ....
>
> The United States Parole Commission [USPC] abused it's authority and discretion by violating a constitutional, statutory, or regulatory provision. Petitioner Crawford had a right to a probable cause hearing in 1999, in which the USPC was responsible for ensuring under D.C. Code § 24-131(a)(1) (2001), and The National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, § 11231(a)(1).

(Id., pp. 7-9.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[3] Consequently, the Court can no longer consider Petitioner's Application for Writ of Habeas Corpus.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on September 29, 2006.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction - - must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 4, pp. 5 - 6.), **DISMISS as moot** Petitioner's Section 2241 Application (Id., pp. 7 - 12.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Date: June 16, 2009.

R. Clarke VanDervort
United States Magistrate Judge